UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ABEL GONZALEZ CRUZ,

    Petitioner,

v.

ERIC HOLDER, Jr., et al.,

    Respondents.

Civ. No. 14-5035 (KM)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION

Petitioner, Abel Gonzalez Cruz, is currently incarcerated at the Essex County Correctional Facility in Newark, New Jersey, as an immigration detainee. He has brought this action *pro se* for a petition for writ of error *coram nobis*. For the following reasons, the petition will be dismissed for lack of jurisdiction.

### II. BACKGROUND

Mr. Cruz is a native and citizen of the Dominican Republic. In 2004, he was convicted in New Jersey state court for possession of a controlled substance with intent to distribute within 1000 feet of a school. On May 21, 2004, he received a sentence of four years of probation. That conviction eventually led to immigration removal proceedings. Indeed, Mr. Cruz states that he has been in immigration detention since October 4, 2013. According to Mr. Cruz, an Immigration Judge denied him cancellation of removal because his 2004 offense of conviction is considered an aggravated one under state law.

In August 2014, this Court received Mr. Cruz's petition for a writ of error *coram nobis*. He requests that this Court reopen and vacate his 2004 state conviction. He claims that his attorney

1

failed to advise him about the mandatory immigration consequences of pleading guilty to the state charges. Mr. Cruz's attorney, he says, assured him that he would never be deported. In light of this allegedly ineffective assistance of counsel, Mr. Cruz argues that his state conviction should be vacated.

### III.     STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV.     DISCUSSION

#### A. *Coram Nobis*

Mr. Cruz seeks to have his state conviction vacated through a petition for writ of error *coram nobis*. "The writ of error *coram nobis* is an 'infrequent' and 'extraordinary' form of relief that is reserved for 'exceptional circumstances.'" *United States v. Babalola*, 248 F. App'x 409, 411 (3d Cir. 2007) (citing *United States v. Stoneman*, 870 F.2d 102, 106 (3d Cir. 1989); *United*

2

*States v. Osser*, 864 F.2d 1056, 1059 (3d Cir. 1988); *United States v. Gross*, 614 F.2d 365, 368 (3d Cir. 1980) (per curiam); *Carlisle v. United States*, 517 U.S. 416, 429 (1996)). A petition for writ of error *coram nobis* "is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has completed serving his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." *Id.* (citing *Stoneman*, 870 F.2d at 105-06). "A *coram nobis* petitioner must . . . show that (1) he is suffering from continuing consequences of the allegedly invalid conviction; (2) there was no remedy available at the time of trial; and that (3) sound reasons exist for failing to seek relief earlier." *Id.* at 412 (internal quotation marks and citations omitted). Although a petitioner seeking a writ of error *coram nobis* faces a heavy burden, the Supreme Court has "reaffirmed the continued existence of *coram nobis* relief in the appropriate circumstances." *Id.* (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954)) (footnote omitted).

I have no jurisdiction to issue the relief that Mr. Cruz seeks through a petition for writ of error *coram nobis*. "[C]oram nobis is not available in a federal court as a means of attack on a state criminal judgment." *Obado v. State of New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003); *see also Goodman v. Grondolsky*, 427 F. App'x 81, 84 n.2 (3d Cir. 2011) (not precedential); *United States v. Terry*, Crim. No. 92-119-07, 2014 WL 1199344, at *1 (E.D. Pa. Mar. 20, 2014) ("[C]oram nobis is not available in a federal court to attack a petitioner's prior state-court criminal judgments.") (citations omitted); *Cabrera v. Walton*, No. 12-6580, 2013 WL 1288212, at *3 (D.N.J. Mar. 26, 2013). If Mr. Cruz seeks to bring a petition for writ of error *coram nobis*, he must bring that petition in the state court where he was convicted. *See Cabrera*, 2013 WL 1288212, at *3 ("[C]oram nobis relief from a state conviction must be sought in the state court that rendered that judgment."); *Ramnauth v. United States District Court*, No. 12-2402, 2013 WL 822092, at *2 (D.N.J. Mar. 6, 2013) ("Petitioner's only course for relief from the collateral consequences of his

expired state conviction is to bring a common law writ of *error coram nobis* in the state court where he was convicted."). Accordingly, this Court lacks jurisdiction to consider the *coram nobis* petition that attacks Mr. Cruz's state conviction.

B. <u>Section 2241</u>

Mr. Cruz also invokes 28 U.S.C. § 2241. Title 28, United States Code, Section 2241 confers jurisdiction on district courts to issue a writ of habeas corpus with respect to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Relatedly, Title 28, United States Code, Section 2254, confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody *pursuant to the judgment of a state court* . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

Which section applies here, 2241 or 2254? In *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001), a Pennsylvania state prisoner filed habeas petitions pursuant to 28 U.S.C. §§ 2241 and 2254 which challenged a decision of the state parole board denying his application for release on parole. The Third Circuit held that Coady's petition must rest on § 2254, rather than § 2241. The Court explained its reasoning thus:

> It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one . . . . The rationale for this canon is that a general provision should not be applied "when doing so would undermine limitations created by a more specific provision." In the instant case, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody. However, with respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart

4

> Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

*Coady*, 251 F.3d at 484-85.

Mr. Cruz's reliance on § 2241 is therefore misplaced. As reaffirmed in post-*Coady* case law, he can only challenge his state conviction and sentence under 28 U.S.C. § 2254. *See Washington v. Sobina*, 509 F.3d 613, 618 n. 5 (3d Cir. 2007) ("We have held that a state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241.") (citing *Coady*, 251 F.3d at 485); *DeVaughn v. Dodrill*, 145 F. App'x 392, 394 (3d Cir. 2005) (not precedential) ("A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241.") (citation omitted).

To the extent Mr. Cruz challenges his state conviction under 28 U.S.C. § 2241, his petition is dismissed for lack of jurisdiction.

C. <u>Section 2254</u>

That leaves 28 U.S.C. § 2254. Although Mr. Cruz's petition does not cite Section 2254, I will construe it liberally as a habeas petition filed pursuant to 28 U.S.C. § 2254. To bring such a § 2254 petition, however, "a habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Furthermore, "[o]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492. Mr. Cruz is not in "custody" pursuant to his 2004 conviction; he is in immigration detention. Consequently, this Court also lacks jurisdiction over a Section 2254 claim.

The state conviction and sentence that Mr. Cruz challenges expired long before he filed this petition in August 2014. Ten years ago, he was sentenced to a four-year term of probation, which has been discharged. It is clear from the allegations of Mr. Cruz's petition that he is not in state custody pursuant to his state conviction; he is in the custody of the federal immigration authorities in connection with his removal from the United States.

Because Mr. Cruz did not file this petition until long after he was released from custody pursuant to the state conviction he attacks, I lack jurisdiction; he is not "in custody" within the meaning of 28 U.S.C. § 2254. *Accord Cabrera*, 2013 WL 1288212, at *2-3; *Ramnauth*, 2013 WL 822092, at *2 (court lacked jurisdiction to consider § 2254 habeas petition where petitioner was no longer in custody on state conviction but was instead an immigration detainee).

To the extent Mr. Cruz's motion may be read as a habeas petition pursuant to 28 U.S.C. § 2254, it must be dismissed for lack of jurisdiction.

D. <u>Challenge to Immigration Detention</u>

Mr. Cruz's petition also alludes to the permissibility of his continued immigration detention. In his prayer for relief, Mr. Cruz states as follows:

> Petitioner does not pose a danger to the community or a risk for flight, does not have any infectious disease, and no special circumstances exist to justify his continued detention. As Petitioner is not dangerous, not a flight risk, his indefinite detention is not justified and violates substantive due process. *See Zadvydas*, 533 U.S. at 690-91.

(Dkt. No. 1 at p. 15.)

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that 8 U.S.C. § 1231(a)(6)[1] "limits an alien's post-removal-period detention to a period reasonably

---

[1] Section 1231(a)(6) provides that:

necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a claim under *Zadvydas*, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See id.* "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief." *Alexander v. Attorney Gen. of United States*, 495 F. App'x 274, 276-77 (3d Cir. 2012) (not precedential) (citing *Zadvydas*, 533 U.S. at 701). As a rule of thumb, the Supreme Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas*, 533 U.S. at 701.

In this case, Mr. Cruz does not state in his petition how long he has been under post-removal-order detention. While he states that he was placed into detention on October 4, 2013, his motion does not state whether or when his order of removal has become administratively final. That is critical, because *Zadvydas* governs *post*-final-removal-order detention. Federal regulations define when a removal order is final:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
>
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;

---

> An alien ordered removed who is inadmissible under section 1982 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

7

    (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
    (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or
    (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1(a).

    Mr. Cruz's petition says nothing about his removal proceedings, except for one allegation that the Immigration Judge at some point denied his cancellation of removal. It says nothing about further proceedings (or any waiver thereof), so it is impossible to determine whether any removal order is final. Nor does the motion give a date when such an order became final, permitting the Court to determine the length of post-removal-order detention. Nor does the petition contain any allegations tending to establish that, despite an order or removal, there is no reasonable likelihood of Mr. Cruz's actual removal in the reasonably foreseeable future.

    Accordingly, the petition fails to state a *Zadvydas* claim. *See Mohammed v. Holder*, No. 12-7282, 2012 WL 6094129, at *3 (D.N.J. Dec. 7, 2012) (finding habeas petition failed to state a *Zadvydas* claim where petitioner failed to allege facts establishing the date the final order of removal was entered against him and failed to allege any facts demonstrating that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future); *Nagorskiy v. Weber*, No. 10-2406, 2010 WL 2024489, at *3 (D.N.J. May 18, 2010) (dismissing habeas petition without prejudice where petitioner failed to make any allegation that

provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future). , it will be dismissed without prejudice

## V. CONCLUSION

For the foregoing reasons, the petition, to the extent it challenges Mr. Cruz's 2004 state conviction, will be dismissed with prejudice for lack of jurisdiction. To the extent that the petition seeks to assert a *Zadvydas* claim with respect to the length of his immigration detention, it will be dismissed without prejudice for failure to state a claim. An appropriate order will be entered.

DATED: August 22, 2014

_____
KEVIN MCNULTY
United States District Judge